Gene Andersen,                                      Civil No. 18-471 (DWF/LIB)

               Plaintiff,

v.                                                          **MEMORANDUM**
                                                            **OPINION AND ORDER**

Equity Trust Company, a/k/a
Equity Institutional, f/k/a Sterling
Trust Company,

               Defendant.

_____

Robert B. Bauer, Esq., and Schaan Barth, Esq., Dougherty, Molenda, Solfest, Hills & Bauer P.A., counsel for Plaintiff.

Christopher R. Morris, Esq., Bassford Remele; and Kevin A. Hall, Esq., and Matthew T. Carroll, Esq., Womble Bond Dickinson (US) LLP, counsel for Defendant.

_____


# INTRODUCTION

This matter is before the Court on Defendant's motion to transfer venue (Doc. No. 16), Plaintiff's motion to compel arbitration (Doc. No. 25), and Defendant's motion to dismiss (Doc. No. 36). For the reasons set forth below, the Court denies Defendant's motions to dismiss and to transfer venue, and the Court grants Plaintiff's motion to compel arbitration and stays this matter pending the outcome of the arbitration.

# BACKGROUND

In 2004, Plaintiff Gene Andersen invested approximately $150,000 in an investment fund administered by Sterling Trust Company, the predecessor-in-interest to

Defendant Equity Trust Company (collectively, "Equity"). (Doc. No. 30 ("Am. Compl.") ¶ 8.) Although Equity sent Plaintiff periodic account statements listing the value of Plaintiff's investment as approximately $150,000, in fact the fund in which Plaintiff invested was, at least as of 2010, illiquid and had no cash value. (*Id.* ¶¶ 15, 20.) Despite the fund having a value of $0.00, Equity charged Plaintiff fees based on the value as listed in the account statements. (*Id.* ¶ 24.) Plaintiff did not learn that the fund had no cash value until he requested a distribution from his account in 2017. (*Id.* ¶¶ 22-23.) Plaintiff alleges that, as a result, he was forced to take minimum distributions from his retirement account and paid substantial state and local taxes on those distributions. (*Id.* ¶¶ 27-29.)

Plaintiff brought this lawsuit claiming that Equity breached the parties' agreement and that, by charging him fees for a valueless fund, Equity was unjustly enriched. Equity initially moved to transfer venue of this matter to Ohio, and Plaintiff responded by moving to compel arbitration and by filing an Amended Complaint. Equity then moved to dismiss the Amended Complaint. All three motions are now ripe for disposition.

## DISCUSSION

## I.     Motion to Transfer Venue

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider three factors: "(1) [t]he convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v.*

*Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). But the presence of a valid forum-selection clause may vitiate the propriety of inquiring into all of the § 1404(a) factors. *Atlantic Marine Constr. Co. v. United States District Court*, 571 U.S. 49, 63 (2013). When the parties have executed a forum-selection clause, the Court need only consider factors such as the relative congestion in the courts' dockets, the interest in having local controversies decided in the location, and the advantage of having a local court determine questions of local law. *Id.* at 62 n.6.

Equity first argues that the Court should transfer this matter to Ohio based on a forum-selection clause in the updated Custodial Agreement. (Doc. No. 35 ("Carroll Decl.") ¶ 3, Ex. C.) While there is no dispute that the agreement in question contains a valid forum-selection clause, Plaintiff denies signing the updated Custodial Agreement. And the alleged "contract" to which Equity points in support of its transfer argument is not the updated Custodial Agreement or, indeed, any signed agreement at all, but rather it is boilerplate disclaimer language attached to Plaintiff's quarterly account statement. (*Id.* ¶ 3, Ex. B at § 8.15.) Forum-selection clauses, like the one here, that are not the "fruit of an arm's-length negotiation" are not entitled to any presumption of enforceability. *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006.)

At this preliminary stage of the litigation, the Court cannot say as a matter of law that the parties executed a binding forum-selection clause. Equity's motion to transfer venue is therefore denied without prejudice.

## II.     Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

In Count I, Plaintiff asserts a claim for breach of contract. (Am. Compl. ¶¶ 31-35.) In Count II, Plaintiff asserts a claim for unjust enrichment. (*Id*. ¶¶ 36-41.) Equity contends that both claims should be dismissed for failure to state a claim on which

relief can be granted. Equity argues that it is a "passive custodian" that owed Plaintiff no contractual duties (Doc. No. 38 at 1), and that the presence of binding contracts precludes Plaintiff's unjust enrichment claim.

The Amended Complaint alleges that the agreements Plaintiff signed in 2004 required Equity to obtain either "an annual market value or good faith estimate of the value" for Plaintiff's investment. (Am. Compl. ¶ 7.) If, however, Equity could not obtain these values, it was entitled to "carry forward the last known value (if available) or report the asset value at acquisition cost." (*Id.*) The pleading acknowledges that Equity claims to have sent Plaintiff a new contract when it purchased Sterling's assets. (*Id.* ¶ 12.) This contract requires Equity to "use reasonable, good faith efforts to ascertain the fair market value of each asset." (*Id.* ¶ 14.) If the value of the asset was not "readily ascertainable," this contract required Plaintiff to "provide to Equity a qualified independent appraisal of the asset." (*Id.*) Failure to provide that appraisal meant that Equity "may report the asset's value at its last known fair market value or at its acquisition cost." (*Id.*)

To state a claim for breach of contract under Minnesota law, Plaintiff must plausibly allege "(1) formation of a contract, (2) performance by [P]laintiff of any conditions precedent to the right to demand performance by the [D]efendant, and (3) breach of the contract by [D]efendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). Plaintiff's Amended Complaint alleges two potential contracts: the 2004 agreement with Sterling, and Equity's new terms imposed after its purchase of Sterling. Both of these contracts required Equity or its predecessor to obtain the market

value of Plaintiff's investment, if possible, and the later agreement required Equity to use good faith to do so.

The Court concludes that Plaintiff plausibly alleges that Equity failed to obtain any value of the investment, even though it could easily have done so. Thus, Plaintiff has sufficiently alleged that Equity breached both contracts. Equity's motion to dismiss Plaintiff's breach-of-contract claim fails.

Equity's motion to dismiss Plaintiff's unjust-enrichment claim similarly fails. Plaintiff alleges that he paid fees to Equity that he would not otherwise have paid and that Equity retained these fees despite not performing its obligations. (Am. Compl. ¶¶ 37-38.) While Minnesota law prohibits a party from receiving "equitable relief where there is an adequate remedy at law available," *ServiceMaster of St. Cloud v. GAB Business Services, Inc.*, 544 N.W.2d 302, 305 (Minn. 1996), unjust-enrichment claims may be pled in the alternative to breach-of-contract claims. *Marty H. Segelbaum, Inc. v. MW Capital, LLC*, 673 F. Supp. 2d 875, 880 (D. Minn. 2009). This is especially appropriate here, where there are substantial questions as to what contracts, if any, apply to the parties' relationship. At this preliminary stage, Plaintiff may pursue both a legal and equitable remedy. Equity's motion to dismiss is therefore denied.

## III. Motion to Compel Arbitration

In determining whether to compel arbitration, the Court usually must determine: (1) whether a valid agreement to arbitrate exists between the parties; and (2) whether the specific dispute is within the scope of that agreement. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). Under the Federal Arbitration Act, parties can

agree to have an arbitrator decide whether claims fall within the scope of the agreement. *See, e.g.*, *Fallo v. High-Tech Inst.*, 559 F.3d 874, 877 (8th Cir. 2009) (citation omitted). There is a strong presumption in favor of arbitration and any doubts concerning arbitration rights should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

The 2004 contract Plaintiff signed contained an "ARBITRATION AGREEMENT" directly above the parties' signatures, on the last page of the document. (Carroll Decl. ¶ 3, Ex. A ¶ 12.)  This agreement provided, in all capital letters, that "all claims and disputes of every type and matter which may arise between [Plaintiff] and [Equity], including any disputes regarding the scope of this arbitration agreement, shall be resolved by binding arbitration . . . ."  (*Id.*)  Plaintiff asks that the Court enforce this arbitration agreement and compel Equity to arbitrate this dispute.

Equity argues that Plaintiff's motion must be denied because the 2004 contract was "superseded" by other agreements that require litigation in Ohio.  According to Equity, because Plaintiff "has received and not objected to" the changes to his 2004 agreement, the Court should not enforce the arbitration clause in that agreement.  (Doc. No. 34 at 2.)  The Court disagrees.  As discussed above, Plaintiff disputes that he consented to any of the changes to his 2004 agreement, and Plaintiff did not sign any of the documents on which Equity relies for its arguments.  Equity's argument on this point is not well taken.

Equity also contends that Plaintiff has waived enforcement of any arbitration provision by instituting this lawsuit.  A party may waive its right to arbitration if it acts

inconsistently with that right and the other party suffers prejudice as a result. *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir. 2007). "A party acts inconsistently with its right to arbitrate if the party [s]ubstantially invoke[s] the litigation machinery before asserting its arbitration right." *Id.* (quotation omitted). Examples of a party substantially invoking litigation machinery include engaging in extensive discovery or failing "to move to compel arbitration and stay litigation in a timely manner." *Id.*

While filing a lawsuit may be inconsistent with a party invoking a right to arbitration, in this case Plaintiff filed his motion to compel arbitration less than a month after Equity removed his lawsuit to federal court. This does not constitute a failure to secure his arbitration rights "in a timely manner." *Id.* Moreover, any doubts about waiver must be resolved in favor of arbitration. *Phillips v. Merrill Lynch, Pierce, Fenner & Smith*, 795 F.2d 1393, 1397 n.9 (8th Cir. 1986). The parties have not yet engaged in any discovery and while they have engaged in substantial motion practice, much of that motion practice has involved the issue of whether the Court should compel arbitration. Under the facts and circumstances of this case, the Court concludes that Plaintiff has not waived enforcement of the arbitration provision.

The arbitration clause on which Plaintiff relies is undeniably broad. It requires that the parties submit to arbitration "all claims and disputes of any kind." (Carroll Decl. ¶ 3, Ex. A. ¶ 12.) And it provides that that "any disputes regarding the scope of the arbitration" must also be resolved by the arbitrator. (*Id.*) Plaintiff has sufficiently established that this clause applies to the parties' dispute, and thus, pursuant to the strong

federal policy favoring arbitration, the Court must compel the parties to arbitrate. This matter will be stayed pending the outcome of the arbitration.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to transfer venue (Doc. No. [16]) is **DENIED**;

2. Defendant's motion to dismiss (Doc. No. [36]) is **DENIED**; and

3. Plaintiff's motion to compel arbitration (Doc. No. [25]) is **GRANTED**, and this matter is **STAYED** pending the outcome of the arbitration.


Dated:  September 26, 2018   s/Donovan W. Frank
            DONOVAN W. FRANK
            United States District Judge